UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PETER SZANTO, Debtor | ) | No. 1:18-mc-00061-JMS-DLP |
| | ) | |

### ORDER

This matter comes before the Court on the Motion to Quash Subpoena to Chase Bank aka JPMorgan Chase Bank and Request for Hearing (Dkt. 1), filed on October 3, 2018 and the Motion for Oral Hearing (Dkt. 12), filed on January 8, 2019. These Motions were referred to the Undersigned for ruling and, for the reasons that follow, are hereby **DENIED**.

## I. Background

On August 16, 2016, Peter Szanto (hereinafter "the Debtor" or "Mr. Szanto"), filed a voluntary chapter 11 bankruptcy petition in the District of Oregon. On December 5, 2017, the bankruptcy court converted the Chapter 11 case to a Chapter 7 case. In order to evaluate the bankruptcy petition, the United States Trustee issued various subpoenas to banks and financial institutions, including a subpoena to JPMorgan Chase Bank ("Chase Bank"). Mr. Szanto filed a Motion to Quash the subpoena to Chase Bank in this Court on October 3, 2018. The United States Trustee filed a response on December 11, 2018 and Mr. Szanto filed a reply on January 8, 2019.

## II. Legal Standard

Under Rule 45, a court must quash or modify a subpoena if it fails to allow a reasonable time to comply; requires a person who is neither a party nor a party's officer to travel more than 100 miles; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012); Fed. R. Civ. P. 45(c)(3)(A)(i)–(iv). The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden. *Id.*

When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *United States Securities and Exchange Commission v. Haab*, No. 1:15-cv-00659-JMS-MJD, 2016 WL 6610851, at *2 (S.D. Ind. Nov. 9, 2016) (citing *Charles v. Quality Carriers, Inc.*, No. 1:08-cv-00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010)).

Generally, a party lacks standing to move to quash a subpoena served on a third party, but an exception exists when the party claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty. *Noble Roman's Inc. v. Hattenhauer Distrib. Co.,* 314 F.R.D. 304, 306 (S.D. Ind. 2016) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *HTG Capital Partners, LLC v. Does(s),* No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill.

Sept. 22, 2015). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Sullivan v. Gurtner Plumbing, Inc.,* No. 11-cv-6261, 2012 WL 896159, at *1 (N.D. Ill. Mar. 13, 2012) (citing *United States v. Ashman*, 979 F.2d 469, 496 (7th Cir. 1992)).

### III. Analysis

Mr. Szanto argues that his motion to quash should be granted because 1) the subpoena to Chase Bank was not properly served on Mr. Szanto by the United States; 2) the copy of the proof of service that Mr. Szanto received was blank, which indicates that Chase Bank was not properly served with the subpoena either; and 3) the subpoena subjects Mr. Szanto to an undue burden due to the disclosure of his financial information without adequate notice or service. The Court will address each argument in turn.

1. Proper Service on the Debtor

Mr. Szanto argues that the subpoena to Chase Bank should be quashed because it was not properly served on him, as required by Federal Rule of Civil Procedure 45(a)(4). Rule 45(d)(3) lays out the various circumstances under which a court may quash a subpoena; failing to properly serve a party with a copy of the subpoena is not one of those circumstances. Regardless, the Trustee filed two declarations from Carla McClurg, attorney for the United States Trustee, and Michael Connolly, United States Trustee Paralegal Specialist, that indicate the Debtor was served with the Chase Bank subpoena via United States Mail and via

email. The Court is satisfied with the Trustee's evidence regarding service of the subpoena on Mr. Szanto.

Furthermore, the Debtor has apparently had little difficulty filing the present Motion to Quash and asserting his arguments related to the subpoena to Chase Bank -- given the extent of his prosecution, there has been no undue burden on the Debtor.

2. Proper Service on Chase Bank

Mr. Szanto argues that Chase Bank did not receive proper service of the subpoena, because the proof of service form attached to it was blank. As an initial matter, the Court fails to see how the Debtor could argue that a financial institution did not receive proper service. If service on Chase Bank were an issue, Chase Bank could have brought that issue to the Court's attention.

Furthermore, the Trustee filed two declarations from Carla McClurg and Michael Connolly, who both assert that true and accurate copies of the subpoena were sent via United States Mail to Chase Bank. Even taking the Debtor's argument at face value, the Debtor cites no legal authority that indicates a failure to complete the proof of service form constitutes grounds for quashing a subpoena. The Court is satisfied that the Trustee met its burden of service on Chase Bank.

3. Burden on the Debtor

The Debtor's main argument is that the Chase Bank subpoena subjects him to an undue burden. The subpoena seeks financial information to be used in bankruptcy proceedings in Oregon, with the entire purpose of those proceedings

being an examination into Mr. Szanto's finances. The Chase Bank subpoena places no burden on the Debtor to do anything, so the Court fails to see how it could impose an undue burden. Moreover, Chase Bank itself has not lodged any objection to the subpoena; if the subpoena were inherently unreasonable or constituted an undue burden, the Court would have received an objection.

The Court takes notice of the fact that the subpoena was directed to Chase Bank rather than to Mr. Szanto; he has no standing to quash a subpoena that is not directed at him on the grounds of undue burden because he will not be the party responding to the subpoena. Mr. Szanto has not presented any reason for quashing the Chase Bank subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). The Court is satisfied that service was proper and that the subpoena does not impose an undue burden on Mr. Szanto.

## IV. Conclusion

After reviewing the briefs, it appears that oral argument will be unnecessary. Cases can be decided without oral argument where it would not significantly aid the court. The rule applies both in the Courts of Appeals, *Delgado v. Merit Syst. Prot. Bd.*, 880 F.3d 913 (7th Cir. 2018); Fed.R.App.P. 34(a)(2)(C), and in the district courts. Fed.R.Civ.P. 78(b). Accordingly, the Motion for an Oral Hearing on the Motion to Quash (Dkt. 12) is **DENIED**.

Although Mr. Szanto has limited standing to challenge the subpoena to Chase Bank, he has not demonstrated that the subpoena subjects him to an undue burden. Therefore, the Motion to Quash (Dkt. 1) is **DENIED**.

5

So ORDERED.

Date: 4/25/2019

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

PETER SZANTO
P.O. Box 14894
Irvine, CA 92623