UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PETER SZANTO, *Debtor* ) | 1:18-mc-00061-JMS-DLP |
| ) | |
| ) | |

## **ORDER**

In August 2016, Peter Szanto, who is proceeding *pro se*, filed an individual Chapter 11 bankruptcy case in the District of Oregon. Subsequently, his case was converted into a Chapter 7 bankruptcy. The United States Trustee then issued subpoenas to various banks and financial institutions, including JPMorgan Chase Bank ("Chase"), in order to evaluate Mr. Szanto's bankruptcy petition. Mr. Szanto initiated this miscellaneous matter on October 3, 2018 when he filed a Motion to Quash the subpoena to Chase. [Filing No. 1.] On April 26, 2019, the Magistrate Judge issued an Order denying the motion and finding that the subpoena was properly served on Mr. Szanto and Chase and that the subpoena – which was directed at Chase – did not impose an undue burden on Mr. Szanto. [Filing No. 25.]

In the meantime, while Mr. Szanto's Motion to Quash was pending, he filed a Motion for Withdrawal of Bankruptcy Reference, requesting that "all further proceedings in [his Chapter 7 bankruptcy] henceforth proceed in this honorable U.S. District Court." [Filing No. 14 at 1.] Mr. Szanto's motion is now ripe for the Court's decision.[1]

---

[1] Because the Court finds that the parties' briefs sufficiently addressed the issues raised in Mr. Szanto's Motion for Withdrawal of Bankruptcy Reference, the Court **DENIES** Mr. Szanto's Motion and Request for Oral Hearing in Regard of Motion to Withdraw Bankruptcy Reference. [Filing No. 24.]

1

# I.
## STANDARD OF REVIEW

28 U.S.C. § 157 provides that:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

\* \* \*

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

When considering whether to permissively withdraw a reference, the district court may consider: "(1) judicial economy, convenience, and the particular court's knowledge of the facts; (2) the promotion of uniformity and efficiency of bankruptcy administration; (3) the reduction of forum shopping and confusion; (4) conservation of debtor and creditor resources; (5) whether the proceeding is core or non-core; and (6) whether the parties have requested a jury trial." *Levin v. FDIC*, 2012 WL 177392, \*2 (S.D. Ind. 2012) (citing *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992)).  "The most important factor is whether a proceeding is core or non-core." *Id.* (citing *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007)).  A core proceeding is one that "invokes a substantive right provided by Chapter 11 or…could arise only in the context of a bankruptcy case," while non-core proceedings "are those only marginally related to the bankruptcy." *In re K & R Express Sys., Inc.*, 382 B.R. at 446-47.  It is the moving party's burden to show that there is sufficient cause for permissive withdrawal of the reference. *Id.* at 446 (citing *In re HA 2003, Inc.*, 2004 WL 609799, \*2 (N.D. Ill. 2004)).  Withdrawal of a reference is "the exception, rather than the rule." *Id.* at 446.

## II.
### DISCUSSION

In support of his motion,[2] Mr. Szanto argues that withdrawal of the reference to the bankruptcy court is warranted because "non-Title 11 matters affecting interstate commerce have become essential and significant to the outcome of this action…." [Filing No. 14 at 2.] He contends that the Trustee seeking subpoenas in this district was contrary to Fed. R. Civ. P. 45, and that "one non-Title [11] law which seeks adjudication is the Trustee's abuse of FRCP 45, and hence foundational Federal procedure." [Filing No. 14 at 2.] Mr. Szanto also argues that "abuse of the rules against [him] is a well accepted practice and process in the Oregon Bankruptcy Court… [and t]hus, other non-title 11 laws which are implicated here are the entire breadth of Federal laws which mandate equal treatment for all before the law." [Filing No. 14 at 3.] He notes that the Trustee chose this district and that "[t]his court now has the foundational insight to consider debtor's contentions that what has gone wrong was based on bias, prejudice and abused discretion." [Filing No. 14 at 8-9.]

In its response, the Trustee argues that mandatory withdrawal of the reference is inappropriate because this Court was asked to consider a "very narrow and limited determinative issue relating to the Quash Motion," which related to a subpoena to Chase and not to Mr. Szanto. [Filing No. 22 at 2-3.] The Trustee also contends that permissive withdrawal is inappropriate because the reference of the bankruptcy case was made by the Oregon District Court and not this

---

[2] Mr. Szanto has filed similar motions in two other district courts in which he has also filed motions to quash subpoenas. [*See* Filing No. 18 in *Peter Szanto v. United States Trustee*, No. 4:18-mc-00044-LLP (D. S.D.) and Filing No. 10 in *United States Trustee v. Peter Szanto*, No. 1:18-mc-00023-MRB-KLL (S.D. Oh.).] The motion remains pending in the former case. In the latter case, the United States District Court for the Southern District of Ohio recently denied Mr. Szanto's motion. [Filing No. 13 in *United States Trustee v. Peter Szanto*, No. 1:18-mc-00023-MRB-KLL (S.D. Oh.).]

Court, the proceeding in Oregon is a core bankruptcy matter, no legitimate reason justifying withdrawal has been presented by Mr. Szanto, Mr. Szanto really is seeking a change of venue to Indiana despite having no connection to Indiana, and the Oregon bankruptcy court is familiar with the case (which is set for trial in October of this year).  [Filing No. 22 at 3-5.]

Mr. Szanto reiterates his arguments in his reply.  [Filing No. 23.]

The Court denies Mr. Szanto's motion for several reasons.  First and foremost, the Oregon District Court – and not this Court – referred Mr. Szanto's matter to the Oregon bankruptcy court. Mr. Szanto has not presented any authority for the notion that a district court can withdraw a reference made by another district court to a bankruptcy court.

Additionally, even if this Court had the authority to withdraw the Oregon district court's reference, neither mandatory nor permissive withdrawal under § 157 is appropriate.  Mandatory withdrawal is not appropriate here because the very narrow and limited issues raised by Mr. Szanto in his Motion to Quash have now been resolved.  [*See* Filing No. 25 (the Magistrate Judge's Order denying Mr. Szanto's Motion to Quash).]

Permissive withdrawal is not appropriate because the relevant factors weigh in favor of declining withdrawal.  Again, this Court considered a very narrow, collateral issue related to the Chase subpoena which, incidentally, was not even a subpoena directed to Mr. Szanto.  As for judicial economy, this Court, which lies in a district having no apparent tie to Mr. Szanto, is not familiar with the ins-and-outs of Mr. Szanto's core proceeding in front of the Oregon bankruptcy court, but the Oregon bankruptcy court is.  Further, Mr. Szanto's bankruptcy has been pending in front of the Oregon bankruptcy court for over two and one-half years, and a trial is scheduled for October of this year.  Finally, Mr. Szanto's motion smacks of forum shopping.  He complains about numerous actions of the Oregon bankruptcy court, and relies on those actions as a justification for withdrawing the reference.  Moreover, he has filed similar motions in two other

district courts. This, combined with the fact that he seeks to withdraw a core matter from the bankruptcy court, "raises the specter of forum shopping." *Mansker v. Diversified Adjustment Servs., Inc.*, 2017 WL 2908768, *6 (N.D. Ill. 2017).

In short, Mr. Szanto has not met his burden of showing that the referral of his proceeding to the bankruptcy court should be withdrawn. Accordingly, the Court **DENIES** his Motion for Withdrawal of Bankruptcy Reference. [Filing No. 14.]

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Szanto's Motion for Withdrawal of Bankruptcy Reference, [14], and **DENIES** his Motion and Request for Oral Hearing in Regard of Motion to Withdraw Bankruptcy Reference, [24]. The Clerk is directed to close this matter.

Date: 5/10/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Peter Szanto
P.O. Box 14894
Irvine, CA 92623